UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>LUCAS JAMES HOVEY,<br><br>                    Defendant. | CASE NO. 2:10-CR-2054-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE SENTENCE** |

Before the Court is Defendant Lucas James Hovey's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ECF No. 40. On August 16, 2016, the Court held a hearing on this matter. Ms. Alison Guernsey appeared on behalf of Mr. Hovey, who was not present for the hearing. ECF No. 62. Mr. Alvin Guzman appeared on behalf of the United States Attorney's Office (USAO). *Id.* The Court grants Defendant's motion for the reasons articulated at the hearing and the reasons set forth below.

**I.    FACTUAL BACKGROUND**

On June 15, 2010, the grand jury returned an indictment against Defendant charging him with one count of Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. The statutory maximum penalty for the crime was a 10-year term of incarceration. 18 U.S.C. § 924(a)(2); ECF No. 3. On August 4, 2010,

ORDER - 1

Defendant pleaded guilty without a plea agreement. ECF No. 29. On August 5, 2010, the Court accepted Defendant's guilty plea. ECF No. 30.

On December 3, 2010, the Court held a sentencing hearing in this matter. ECF No. 42. The Court adopted the Presentence Investigation Report, finding that Defendant's Total Offense Level was 25 because he qualified for an enhancement under § 2K2.1(a)(3) of the Sentencing Guidelines (Guidelines) based on a prior conviction for a crime of violence. ECF Nos. 37, 43, & 44. The Court found that Defendant's Criminal History Category was VI. *Id.* This resulted in an advisory sentencing guideline range of 110-120 months. *Id.* The Court imposed a sentence of 120 months' imprisonment, three years of supervised release, and a $100 special penalty assessment. ECF No. 43.

On June 21, 2016, Defendant filed the instant motion seeking resentencing in this matter. ECF No. 48. Defendant argues that he is currently serving an illegal sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutional, and *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that the Supreme Court's ruling in *Johnson* is retroactively applicable on collateral review. Defendant argues that these cases establish that he did not qualify for a sentencing enhancement under § 2K2.1(a)(3) of the Guidelines because his prior Washington conviction for attempted second degree assault was not a crime of violence.

**II.   Analysis**

Defendant believes he is serving an illegal and unconstitutional sentence. ECF No. 48. He has filed this motion pursuant to 28 U.S.C. § 2255 and is asking the Court for resentencing. *Id.*

**A. Availability of Relief Under 28 U.S.C. § 2255**

A prisoner in federal custody can seek relief under 28 U.S.C. § 2255 when he is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Such relief is generally available, however, only within one year of the date upon which the judgment of conviction becomes final. *Id.* An exception exists for claims based on rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, which may be brought within one year of the Supreme Court's recognition of such rights.

Defendant's motion was filed well after the one-year deadline following the judgment of conviction. In this case, however, the Supreme Court's decision in *Johnson* recognized a new right and that right is retroactively applicable to the Guidelines on collateral review. Defendant has satisfied the statute of limitations by filing within one year of *Johnson*, and his motion is timely.

**B. Retroactive Application of *Johnson***

The ACCA applies to individuals who are convicted of unlawful possession of a firearm after being convicted of certain types of felonies. 18 U.S.C. § 924(e). Specifically, the ACCA applies when an individual has been convicted of three or more "serious drug offenses" or "violent felonies." *Id.* A violent felony is defined as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*"

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized provision, "otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual clause." Provision (i) of the ACCA is known as the "elements clause."

On June 25, 2016, the Supreme Court issued an opinion in *Johnson*. The Court held that the residual clause of the ACCA was "unconstitutionally vague" and, for that reason, "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2557, 2563. *Johnson* has no effect on the application of the ACCA elements clause.

Subsequently, in *Welch v. United States*, the Supreme Court held that "*Johnson* is retroactive in cases on collateral review." 136 S. Ct. at 1268.

**C. Applicability of *Johnson* to the Guidelines**

The definition of "crime of violence" under the Guidelines is identical to the definition of "violent felony" in the ACCA. *Compare* 18 U.S.C. § 924(e)(2)(B), *with* U.S.S.G. § 4B1.2(a). The residual clause under the Guidelines is also identical to the residual clause that the Supreme Court found to be unconstitutional in *Johnson*. *Id.*

The parties in this case agree that *Johnson* likely invalidates the residual clause of the Guidelines definition of crime of violence.

ECF No. 58. The Court agrees, as this is consistent with Ninth Circuit case law on similar issues. *See Reina-Rodriguez v. United States*, 655 F.3d 1182 (2011) (applying the Ninth Circuit's *en banc* decision in *United States v. Grisel*, 488 F.3d 844 (2007), which altered the definition of crime of violence under the ACCA, to the definition of crime of violence in the Guidelines).

The parties disagree, however, as to whether *Johnson* applies retroactively to the Guidelines. This issue has yet to be decided by the Supreme Court.[1] For the reasons set out by this Court in *United States v. Tomisser*, No. 11-CR-2115 (E.D. Wash. July 12, 2016), the Court finds that *Johnson* applies retroactively to cases challenging the Guidelines on collateral review.

**D. Application of *Johnson* to the Defendant's Case**

Mr. Hovey was subjected to an enhanced advisory Guideline sentencing range based on the determination that he had previously been convicted of a crime of violence. ECF No. 37, at ¶17. Pursuant to Guidelines § 2K2.1, Defendant's Base Offense Level was increased to 20 from 14. As a result, Defendant's advisory Guideline range was 110-120 months' incarceration. If Defendant had not received an enhanced Base Offense Level for a prior crime of violence, he would have been subject to a guideline range of 63-78 months.

The record is unclear as to whether the determination that Mr. Hovey had previously been convicted of a crime of violence was based

---

[1] The Court anticipates that this question will answered in *Beckles v. United States*, Case No. 15-8544.

on the elements clause or the residual clause of the crime of violence definition. Because *Johnson* did not affect the elements clause, this question is determinative in this case. The Court finds that Mr. Hovey's prior conviction does not qualify as a crime of violence under the elements clause and could only have qualified under the now-invalid residual clause of the crime of violence definition.

In *Johnson v. United States* (*Johnson I*), 559 U.S. 133 (2010) the Supreme Court held that the phrase "physical force" in the elements clause of the ACCA mean "*violent force*—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. At the time of Mr. Hovey's conviction, Washington Second Degree Assault was defined as follows:

> (1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:
> (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or
> (b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by intentionally and unlawfully inflicting any injury upon the mother of such child; or
> (c) Assaults another with a deadly weapon; or
> (d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison or any other destructive or noxious substance; or
> (e) With intent to commit a felony, assaults another; or
> (f) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture.

RCW 9A.36.021. The Washington Attempt statute stated: "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). The Washington

ORDER – 6

Court of Appeals has explained: "Any slight act done in furtherance of a crime constitutes an attempt if it clearly shows the design of the individual to commit the crime." *State v. Price*, 14 P.3d 841, 845 (Wash. Ct. App. 2000). Such an act could include simply "[e]nticing or seeking to entice the contemplated victim of the crime to go to the place contemplated for its commission." *State v. Sivins*, 155 P.3d 982, 988 (Wash. Ct. App. 2007) (internal quotation marks omitted).

The Government argues that by finding guilt of "attempted second degree assault," the government has necessarily proven attempted use of violent force as required by the crime of violence provision. The Defendant argues that it is not a categorical match, and that a Defendant can be found guilty of attempted second degree assault without ever attempting the use of force. Stated another way, a defendant can take a "substantial step" toward committing the crime of second degree assault without having attempted the use of force.

The Court agrees with the Defendant that there are situations where a defendant can be found guilty of "attempted second degree assault" under Washington state law without attempting to use violent physical force. The possibility that a conviction for Washington attempted second degree assault could be based on no attempted use of force or the attempted use of only de minimis force, rather than the violent, physical force required by *Johnson I*, results in such a conviction not being a categorical match to the elements clause of the crime of violence definition.

Accordingly, Mr. Hovey's sentence was predicated on the residual clause of the crime of violence Guideline. His sentence was imposed in

ORDER – 7

violation of the Constitution because the Supreme Court has made clear that such a residual clause is unconstitutionally vague.

## III. Conclusion

The Court finds that the Supreme Court's holding in *Johnson* and *Welch* are retroactively applicable to the Guidelines definition of "crime of violence" as articulated in U.S.S.G. § 4B1.2. In addition, the Court finds that Mr. Hovey's prior conviction for attempted second degree assault does not qualify as a crime of violence under the elements clause, and the Guidelines enhancement in his case was therefore predicated on the now-defunct residual clause. Therefore, the Defendant is entitled to a resentencing hearing in this matter.

Accordingly, **IT IS HEREBY ORDERED**:

1.   Defendant's Motion to Vacate Sentence, **ECF No. 48**, is **GRANTED.**

2.   The judgment of this Court, **ECF No. 43,** is **VACATED.**

3.   The Court **SETS** a sentencing hearing for **Wednesday, October 5, 2016**, at **10:00AM** in **RICHLAND.**

4.   The United States Probation Office is to prepare an expedited presentence investigation report in advance of the sentencing hearing.

5.   The Defendant is required to be present at this hearing.

6.   A separate order regarding the schedule of sentencing will issue.

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to all counsel, the United States Probation Office, and the United States Marshals Service.

**DATED** this  18th  day of August 2016.


                              s/Edward F. Shea
          _____
                          EDWARD F. SHEA
                Senior United States District Judge